## NOBUO HIRAMATSU et al. v. PHILLIPS et al.

### No. 2773.

District Court, S. D. California, Central Division.

May 20, 1943.

Fred A. Shaeffer, of Santa Maria, Cal., for plaintiffs.

Schauer, Ryon & McMahon and Alfred D. Haines, all of Santa Barbara, Cal., and Gibson, Dunn & Crutcher, of Los Angeles, Cal., for defendants.

McCORMICK, District Judge.

This is an action "to terminate trust, for an accounting, and for the appointment of a receiver."

Plaintiffs are American citizens of Japanese ancestry, and at the time of the commencement of this action and at the time of the hearing and submission of the proceeding presently under consideration each plaintiff had been evacuated from the State of California and was living as such evacue within the area and boundaries of Gila River Relocation Center at Rivers, Arizona, having been assigned and placed there by authority of public proclamations and orders of the Commanding General of Western Defense Command of the United

States Army. See Public Law 503, 77th Congress, 2d Session, Chapter 191, 18 U.S.C.A. § 97a; public proclamations, and civilian restrictive orders, Western Defense Command and Fourth Army, United States Army.

The personal defendants all are citizens of the United States and residents of the Southern Federal Judicial District of California, and the only other defendant is a corporation organized, existing and having its principal place of business in the said Southern Judicial District of the State of California. The jurisdiction of this court is averred solely upon diversity of citizenship and adequacy of amount in controversy. There is no claim or assertion of any federal question involved in this action.

All defendants have appeared and have filed and presented motions for the dismissal of the action upon several grounds. As there is no federal question involved and because of our conclusion under the record before us that no sufficient diversity of citizenship within the meaning of Section 24, Judicial Code, Title 28, section 41, subd. (1), (b), U.S.C.A., has been established, our decision sustaining the motions to dismiss is based solely on lack of jurisdiction of the Federal Court to consider or determine this action on the merits.

Plaintiffs prior to April 30, 1942, were residents of and domiciled in Santa Maria, County of Santa Barbara, State of California. As sole stockholders of defendant General Farming Company, a corporation, they were engaged in substantial agricultural activities in Santa Barbara and San Luis Obispo Counties in the State of California. On said date of April 30, 1942, plaintiffs, with others of Japanese ancestry, were evacuated by the military authorities from their domiciles, a portion of duly established Military Area Number 1 of the Western Defense Command of the United States Army, and removed to an "assembly center" of evacues at Tulare in the State of California, from which they subsequently were ordered moved by military authority to their present location in the Gila River Relocation Center at Rivers, Arizona. Plaintiffs are compelled to remain within the relatively narrow bounds of the latter area except upon written permission and authorization of the Western Defense Command, which authority may condition the purpose or object of absence from the relocation center. Penalties are provided for a violation of the restrictive provisions of the edicts and orders of the military authorities of the Western Defense Command of the United States Army. See Civilian Restrictive Order Number 1 and Public Proclamation Number 8, promulgated by the Commanding General of the Western Defense Command, United States Army, and Public Law Number 503, 77th Congress, 2d Session, Chapter 191, approved March 21, 1942, 18 U.S.C.A. § 97a.

Plaintiffs assert that as they now have their abode in Arizona, and as each of them has formed an intention of not returning to California as each intends to make Arizona his home when military restraint is removed, the necessary requisites to establish plaintiffs' Arizona citizenship and residence and meet statutory requirements for the invocation of federal court jurisdiction of this action exists.

 We think that the record before the court falls short of establishing the requirements of federal court jurisdiction of this action. Domicile as applicable to this cause is entirely a question of residence and freedom of will. Both must concur in order that the requisite domicile may be deemed to have been established. The intention to acquire domicile of choice necessarily involves an exercise of volition or freedom of choice not prescribed or dictated by any external necessity. It is established law that a person cannot acquire domicile by any act done under legal or physical compulsion. See Stadtmuller v. Miller, 2 Cir., 11 F.2d 732, 45 A.L.R. 895; Wendel v. Hoffman, D.C., 24 F.Supp. 63; Beale on Conflict of Laws, vol. 1, pp. 158, 159; 9 R.C.L., p. 552, § 16; 17 American Jurisprudence, p. 606, § 27.

 One moving from a domicile in a particular State under legal or physical compulsion and remaining in a new abode in another State involuntarily and under restraint does not attain a new residential status in such place of abode sufficient to warrant federal court jurisdiction upon the ground of divers citizenship of the parties litigant, regardless of his intention not to return to the State of his former domicile and to make a new home elsewhere after termination of the existing compulsion and continuing restraint of habitation. See Restatement of the Law, Conflict of Laws, p. 40 et seq., § 21; Beale on Conflict of Laws, supra.

It is ordered that the motions of defendants to dismiss this action be granted upon the ground that there is not and was not at the time of the filing of the complaint in said action and at the time of the filing of the amendments to the complaint any diversity of citizenship between the parties plaintiff and defendants and, accordingly, this action is dismissed as to each and all of the movant defendants for lack of jurisdiction of this court, without cost to any party. Attorneys for defendants will prepare and present within five days from the date of this ruling a judgment of dismissal in accordance with this memorandum and order. Exceptions allowed plaintiffs.